UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY, as subrogee of Norman and Barbara Crawford, | ) ) ) | |
| Plaintiff, | ) ) | 1:08-cv-1506-SEB-DML |
| vs. | ) ) ) | |
| SUNBEAM PRODUCTS, INC., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING MOTION TO CERTIFY**

This cause is before the Court on Plaintiff State Farm Fire & Casualty's Motion to Certify Order for Interlocutory Appeal [Docket No. 84], filed on June 22, 2010. Pursuant to 28 U.S.C. 1292(b) and Rule of App. Proc. 5(a)(3), Plaintiff seeks certification of this Court's Order of June 16, 2010 for immediate interlocutory appeal, with respect solely to the portion of that Order excluding the testimony of Plaintiff's expert, Scott Jones, on the grounds that he was unqualified to provide his proffered testimony pursuant to the rules articulated in Daubert v. Merrel Dow Pharmaceuticals, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. Plaintiff has also filed a Motion to Stay [Docket No. 86] seeking an order staying all proceedings pending such an interlocutory appeal. For the reasons detailed in this entry, Plaintiff's Motions are DENIED.

1

### *Discussion*

28 U.S.C. § 1292(b) allows for an interlocutory appeal from an otherwise unappealable order when that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of litigation."  28 U.S.C. 1292(b); <u>Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.</u>, 202 F.3d 957 (7th Cir. 2000).  "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." <u>Ahrenholz v. Bd. of Trustees of University of Illinois</u>, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).

Here, Plaintiff contends that the question of law warranting appeal under § 1292(b) relates to the standard to be applied to expert testimony under <u>Daubert</u> and Rule 702. According to Plaintiff, the Court's previous Order "created new law" for the assessment of expert testimony when, in assessing Mr. Jones's methodology, the Court considered the fact that he had not taken into account numerous pieces of evidence in the record as well as the fact that his experimentation did not conform to accepted standards in the industry.

According to the Seventh Circuit, "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ."  <u>Ahrenholz</u>, 219 F.3d at 676.  Thus, an

interlocutory appeal is permitted only when the contested issue is "a 'pure' question of law rather than merely an issue that might be free from a factual contest.." Id. at 677.  As the Ahrenholz Court summarized, "district judges should use section 1292(b) when it should be used, avoid it when it should be avoided, and remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." Id.

The issue Plaintiff contends is a question of law here is not the sort of abstract legal question contemplated by section 1292(b) and Ahrenholz.  A "pure" question of law is "something the court of appeals could decide quickly and cleanly without having to study the record." Id.  Plaintiff contends that two questions of law are involved here: "(1) Whether or not an expert must wait to form his opinion until the parties have concluded the discovery phase of the litigation; and (2) Whether or not Daubert v. Merrel Dow Pharmaceuticals, 509 U.S. 579 (1993) requires an expert to conduct full testing of his hypothesis."  As Plaintiff words these issues, they might arguably be abstract questions of law that might be proper for the Seventh Circuit to resolve without the necessity of reviewing an evidentiary record.  Plaintiff's argument is nonetheless unavailing for at least two reasons.

First, these proposed "questions of law" are far broader than the issues the Court actually confronted in its previous ruling; indeed, the issues Plaintiff contends must be addressed on appeal are not even presented by the facts of this case.  Moreover, were the Seventh Circuit to review the Court's previous decision on Mr. Jones's qualifications, it

3

would not have to address either of these questions but would instead be faced with the task of reviewing the record to determine if Mr. Jones's methodology and experimentation were sufficiently rigorous to meet the Daubert standard.[1]  Clearly, the questions Plaintiff proposes are not of a type that the court of appeals could decide "quickly and cleanly without having to study the record."  Ahrenholz, 219 F.3d at 677.  The Court's previous Order is analogous to a recent district court decision in another circuit: "the issues raised . . . are essentially factual, not legal.  There is no issue here as to the Daubert rule although its application to the facts of this case may be in issue."  Mapinfo Corp. v. Spatial Re-engineering Consultants, 2007 WL 28411 (N.D.N.Y. Jan. 3, 2007) (denying motion to certify under § 1292(b)).  In such a scenario, no abstract legal question is presented, and an interlocutory appeal under section 1292(b) is improper.  See id.

      The proper and expeditious resolution of this litigation, including any appeal that may result from a final order of the Court, is best served by the denial of Plaintiff's

---

[1] This conclusion is underscored by the Court's recent grant of Sunbeam's Motion for Leave to File Motion for Summary Judgment [Docket No. 90].  Sunbeam's Motion for Summary Judgment, which shall be docketed only when the present motions before the Court are resolved, rests principally on the contention that Plaintiff can no longer prove its case in the absence of the now-excluded testimony of Mr. Jones.  Thus, the issue Plaintiff seeks to have certified for appeal here is recapitulated in the pending motion for summary judgment, and efficiency dictates that those issues be resolved, both here and in any resultant appeal, in tandem.  Furthermore, the guiding principle of Ahrenholz, that "'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted," clearly applies by analogy to this case and counsels against the permission of an interlocutory appeal.

Motion to Certify.[2]

### *Conclusion*

For the reasons detailed in this entry, Plaintiff's Motion to Certify is <u>DENIED</u>, and Plaintiff's Motion to Stay is <u>DENIED</u>.

IT IS SO ORDERED.

Date: __07/21/2010_____

Copies to:

Brian J. Benoit
WIEDNER & MCAULIFFE, LTD.
bjbenoit@wmlaw.com

Carolyn Small Grant
GRANT AND GRANT
csg@grantandgrant.net

Robert George Grant
GRANT & GRANT
rgg@grantandgrant.net

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] Because Plaintiff's Motion to Certify is denied, Plaintiff's Motion to Stay Pending Interlocutory Appeal is moot and shall therefore be <u>denied</u> as such.